UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WORKFOLIO, LLC**, <br> *a Michigan Company* <br> Plaintiff, <br> v. <br> **WORKFOLIO, LLC,** <br> *a Delaware Company* <br> Defendant. | 2:22-CV-13088-TGB-JJCG <br><br> **ORDER GRANTING MOTION FOR PERMANENT INJUNCTION AND DEFAULT JUDGMENT** <br><br> **(ECF NO. 8)** |

The Court makes the following findings of fact and conclusions of law:

A. Defendant was properly served with the Summons and Complaint and all other pleadings, motions, and papers applicable to this lawsuit on December 28, 2022. ECF No. 5, PageID.117.

B. As of the date of this Order, Defendant has failed to appear, answer, or otherwise respond to the Complaint.

C. A Clerk's Entry of Default was properly entered against Defendant. Accordingly, all of Plaintiff's well-pleaded allegations are deemed admitted.

D. The Court held a hearing on the motion for default judgment on December 6, 2023. Plaintiff appeared. Defendant did not appear though Plaintiff made efforts to provide Defendant with notice of the motion and hearing. ECF No. 8, PageID.147; ECF No. 11, PageID.163.

1

E. Even if the allegations in the Complaint were not admitted, the Court finds that there is a high degree of likelihood of confusion between Plaintiff's Workfolio mark and the Defendant's workfolio mark. Defendant used an identical workfolio mark in order to advertise and sell its services that infringe upon Plaintiff's workfolio mark.

F. Good cause exists to issue injunctive relief. Plaintiff's reputation and goodwill are being irreparably damaged as a result of Defendant's conduct, Plaintiff risks serious and irreparable harm in the absence of a permanent injunction, and an injunction is necessary to prevent further irreparable injury and damage to Plaintiff's reputation, goodwill, and intellectual property. The balance of hardships favors Plaintiff, and issuing injunctive relief is in the public's best interest. Injunctive relief is authorized by 15 U.S.C. § 1116 to prevent the violation of any right of the registrant of a registered trademark or to prevent the violation of any right of the registrant of a registered trademark or to prevent violations of § 1125(a). The Court finds injunctive relief necessary in this case.

G. Plaintiff has elected to seek statutory damages as provided by 15 U.S.C. § 1117(c). The award will discourage Defendant from continuing its wrongful and illegal conduct.

H. Plaintiff has elected to seek statutory damages as provided by 15 U.S.C. § 1117(d). The award will discourage Defendant from continuing its wrongful and illegal conduct.

I. Plaintiff desires to dismiss Counts IV and V of its Complaint without prejudice to its right to re-assert those claims in the future.

**THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Motion for Permanent Injunction and Default Judgment is **GRANTED** for the reasons set forth in Plaintiff's Motion, the evidence set forth in the Court's record, and the reasons set forth above.

2. Defendant, its agents, servants, employees and attorneys, and any other persons in active concert or participation with Defendant, and any entity owned or controlled in whole or in party by Defendant are **PERMANENTLY ENJOINED** from:

    a. Using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark, or internet domain that is comprised in whole or in party of the term WORKFOLIO, or any term phonetically or otherwise substantially or confusingly similar to Plaintiff's WORKFOLIO Family of Marks;

    b. Engaging in any other activity constituting unfair competition with Plaintiff or constituting an infringement of any of Plaintiff's trademarks;

    c. Diluting or tarnishing any of Plaintiff's trademarks;

    d. Doing any act or thing that is likely to induce the belief that Defendant's goods, services, or activities are in some way

3

connected with Plaintiff, or that is likely to injure or damages Plaintiff's name, marks, or business;

e. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above.

f. Registering, using, trafficking in, or benefiting from internet domain names that incorporate the WORKFOLIO Mark or incorporate words, numbers, or symbols that, collectively or in isolation, are confusingly similar to the WORKFOLIO mark.

g. Defendant, their assignees, and/or successors in interests or title, and the Registrars are hereby ordered to immediately transfer the subject domain www.workfolio.io to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the subject domain to Plaintiff's control within 5 days of receipt of this judgment, the Registries shall, within 30 days, change the Registrar of the Record for the subject domain www.workfolio.io to the Registrar of the Plaintiff's choosing, and that Registrar shall transfer the subject domain name to Plaintiff.

h. Upon Plaintiff's request, the top level domain (TLD) Registry for each of subject domain www.workfolio.io or their administrators, including backend registry operators or administrators, within 30 days of receipt of this Order, shall place the Subject Domain on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registries which link the subject domain to the IP addresses where the associated websites are hosted.

i. Defendant, its agent(s), or assign(s) shall assign all rights, title, and interest to the Subject Domain www.workfolio.io to Plaintiff and, if within 5 days of receipt of this Order Defendant fails to make such an assignment, the Court shall order the act to be done by another person appointed by the Court at Defendant's expense, such as the Clerk of the Court, pursuant to Fed. R. Civ. P. 70(a).

3. Statutory damages pursuant to 15 U.S.C. § 1117(c): As to Counts I, II & III, a Default Judgment is entered in favor of Plaintiff and against Defendant in the amount of $200,000.00.

4. Statutory damages pursuant to 15 U.S.C. § 1117(d); As to Count VI, a Default Judgment is entered in favor of Plaintiff and against Defendant in the amount of $100,000.00.

5. Counts IV & V of Plaintiff's Complaint are dismissed without prejudice.

6. Plaintiff is awarded interest from the date of this Order, compounded annually, pursuant to 28 U.S.C. § 1961.

7. Service of This Order shall be carried out by Plaintiff's Counsel as follows: by mailing the order to Defendant at the following addresses:

> Workfolio LLC
> c/o Harvard Business Services, Inc
> 16192 Coastal Hwy, Lewes, DE 19958
> &
> Workfolio LLC
> lA, Surbhi Apartments 5th Main Road,
> Tamil Nadu, India 600 020.

**IT IS SO ORDERED**, this 6th of December, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge